**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green, | No. CV-18-00068-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's "Motion for Leave of Court to Subpoena Defendants" (Doc. 64); "Motion for Subpoenas" (Doc. 65); "Motion [for] Initial Discovery Waiver" (Doc. 66); "Motion to [] Amend Complaint" (Doc. 67); Application for Leave to Proceed In Forma Pauperis (Doc. 68); "Motion to Amend/Correct Amended Complaint" (Doc. 69); and "Motion [for] Interrogatories" (Doc. 72).

**I.  Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on February 9, 2018. (Doc. 1.) On June 26, 2018, the Court dismissed the initial Complaint with leave to file a First Amended Complaint ("FAC"), and granted Plaintiff's second Application to Proceed in Forma Pauperis. (Doc. 10.) The Court denied a third Application to Proceed in Forma Pauperis as moot on July 24, 2018. (Doc. 12.) Plaintiff filed a FAC on August 6, 2018. (Doc. 14.) The Court dismissed the FAC on September 26, 2018, with leave to file a

Second Amended Complaint ("SAC"). (Doc. 17.) Plaintiff filed a SAC ("Complaint") on October 29, 2018. (Doc. 22.) The Complaint alleges violations of Plaintiff's First, Fourth, Eighth and Fourteenth Amendment rights connected to the allegedly deficient medical treatment he received following an off-site transportation incident on February 2, 2017. (Doc. 14 at 4; Doc. 28.) On December 20, 2018, the Court ordered Defendant Corizon to answer Count One of the Complaint as to Plaintiff's Eighth Amendment claim and dismissed the remaining defendants and claims. (Doc. 28 at 8–11.) Defendant filed its answer on February 28, 2019. (Doc. 39.) Pursuant to the Court's April 5, 2019 Scheduling Order, discovery closed on October 17, 2019. (Doc. 41 at 2–3.) Dispositive motions are due on November 18, 2019. (Doc. 41 at 4.)

Plaintiff filed two Motions for Subpoenas on September 17, 2019. (Docs. 61, 62.) The Court denied these motions on October 2, 2019 for failure to comply with the procedural requirements set forth in Fed. R. Civ. P. 45 and Gen. Ord. 18-19. (Doc. 62.)

**II.     Motions for Subpoenas**

Plaintiff has filed two Motions requesting the Court to issue subpoenas. (Docs. 64, 65.) The Court ruled on Plaintiff's previous Motions for Subpoenas (Docs. 60, 61) on October 2, 2019 (Doc. 62).

Plaintiff's pending motions request the Court to issue subpoenas on Plaintiff's behalf to eight individuals, seven of whom work as medical providers for Corizon at ASPC-Tucson, Cimarron Unit and one of whom is an inmate at ASPC-Tucson, Cimarron Unit. (Doc. 65.) Plaintiff states that "each individual. . . has pertinent information that is crucial to Plaintiff's case and should be made available." (*Id.*) He additionally states, with respect to the inmate he wishes to subpoena, that he "was assisted by [inmates who] would carry heavy tables that I had to stand on or they would [illegible] mask of certain section for painting" (Doc. 65) and that "inmates witness[ed] Plaintiff's daily movements after [the] accident" (Doc. 64).

With respect to Plaintiff's requests for subpoenas for the seven medical professionals, Plaintiff fails to "state with particularity the reasons for seeking the

testimony and documents" as required by General Order 18-19. Even if, as Plaintiff claims, these individuals have "pertinent information that is crucial to Plaintiff's case," this is not a sufficiently specific reason for seeking their testimony.

With respect to Plaintiff's request to subpoena inmate "Rudolph Turnner," an inmate at ASPC-Tucson, Cimarron Unit, although Plaintiff has stated with particularity the reasons for seeking Mr. Turnner's testimony and/or documents, he has not attached a copy of the proposed subpoena to his motion as required by General Order 18-19. Because Plaintiff has not complied with the procedural requirements for requesting the Court to issue subpoenas, his Motions for Subpoenas will be denied.

### III. Motion for Initial Discovery Waiver

In his "Motion [for] Initial Discovery Waiver," Plaintiff "requests waiver exemption in accordance to disclosed protection." (Doc. 66.) Plaintiff cites Fed. R. Civ. P. 26, which provides that actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" are exempt from initial disclosure requirements. Fed. R. Civ. P. 26(a)(1)(B)(iv).

The relief or action that Plaintiff seeks from the Court is unclear. To the extent Plaintiff seeks an order exempting this action from initial disclosure requirements, the Court's April 5, 2019 Scheduling Order already noted that this case is exempted from initial disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1)(B). (Doc. 41.) Therefore, this Motion will be denied as moot.

### IV. Application to Proceed In Forma Pauperis

Plaintiff has filed a fourth Application to Proceed in Forma Pauperis. (Doc. 68.) The Court granted Plaintiff's second Application to Proceed in Forma Pauperis on June 6, 2018. (Doc. 10.) The Court later denied Plaintiff's third Application to Proceed in Forma Pauperis as moot, because it had already granted the second Application. (Doc. 12.) Plaintiff's fourth Application will also be denied as moot.

. . . .

. . . .

### V. Motions to Supplement Pleading

Plaintiff has filed two Motions requesting leave to amend his Complaint. (Docs. 67, 69.) Specifically, Plaintiff seeks to amend his complaint to add an additional cause of action against Corizon, alleging an Eighth Amendment violation as a result of injuries sustained while Plaintiff was being transported on February 7, 2019.[1] (Doc. 67.) Plaintiff alleges that the vehicle "was abruptly stopped, causing [him] to become dislodged from his seat and trajected [sic] head first into iron and plexiglass partition." (*Id.*) The impact caused pain in Plaintiff's head and lower extremities and caused him to lose consciousness. (*Id.*) Thereafter, Plaintiff was taken to the medical unit, where a nurse informed him that he was unable to treat Plaintiff at that time but that the accident and injuries would be documented for the doctor. (*Id.*) Plaintiff was only seen by a medical provider fifty [50] days after the accident. (*Id.*) He alleges that he suffered "needlessly from pain" due to Corizon's improper staffing and handling of his injuries. (*Id.*)

Plaintiff's Motions were not filed within the time frame permitted to amend as a matter of course under Fed. R. Civ. P. 15(a). Moreover, Plaintiff raises claims stemming from additional events that occurred after the events giving rise to the original Complaint. As such, the Court construes the Motions as requests to file a supplemental pleading. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure*: Civil 2D § 1504 (1990).

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotations omitted).

---

[1] The incident that is the subject of the operative Complaint occurred in February 2017. The facts alleged in both incidents are very similar.

In considering whether to permit a supplemental pleading, courts typically require some relationship between the original events giving rise to the complaint and the later events. *See Cash v. Wetzel*, 8 F. Supp. 3d 644, 657 (E.D. Pa. 2014) (prisoner plaintiff permitted to supplement with claim of retaliation for filing instant action); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Judicial economy and efficiency favor granting leave to file supplemental pleadings, subject to the trial court's discretion. *Volpe*, 858 F.2d at 473. Whether prejudice to the opposing party would arise from allowing a supplemental pleading is an important consideration. *Id.* at 475.

Discovery in this case closed on October 17, 2019 and dispositive motions are due on November 18, 2019. (Doc. 41.) Due to the delay that allowing Plaintiff to supplement his Complaint would cause, and the resulting prejudice to Defendants, the Court declines to permit Plaintiff to supplement his Complaint. Plaintiff may bring his new claims in a separate lawsuit. *See Neely*, 130 F.3d at 402. The Motions to Supplement will be denied.

### VI. Motion for Interrogatories

Plaintiff has filed a Motion for Interrogatories (Doc. 72) that includes as attachments copies of interrogatories. Fed. R. Civ. P. 33 governs the use of interrogatories in discovery. A party is to serve interrogatories on another party, not through a motion to the Court. Fed. R. Civ. P. 33(a). Moreover, Plaintiff has not requested the Court to take any action pertaining to his interrogatories, and discovery in this case has closed. Therefore, the Motion for Interrogatories will be denied.

Accordingly,

**IT IS ORDERED that:**

1. Plaintiff's Motions for Subpoenas (Docs. 64, 65) are **denied**.
2. Plaintiff's Motion for Initial Discovery Waiver (Doc. 66) is **denied as moot**.
3. Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 68) is **denied as moot**.
4. Plaintiff's Motions to Supplement Pleading (Docs. 67, 69) are **denied**.

. . . .

5. Plaintiff's Motion for Interrogatories (Doc. 72) is **denied**.

Dated this 8th day of November, 2019.

_____
Honorable Rosemary Márquez
United States District Judge