**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green,<br><br>                    Plaintiff,<br><br>v.<br><br>Corizon Health Services, et al.,<br><br>                    Defendants. | No. CV-18-00068-TUC-RM<br><br>**ORDER** |

      Pending before the Court is Defendant Corizon Health Services, Inc.'s Motion for Leave to File a Reply to the Motion for Summary Judgment. (Doc. 83.) Also pending before the Court is Plaintiff's "Request for Default Against Defendants" (Doc. 85) which shall be re-docketed as a Response to Defendant's Motion for Leave to File a Reply.

      On November 15, 2019, Defendant filed a Motion for Summary Judgment. (Doc. 74.) Plaintiff filed a Response on December 23, 2019 (Doc. 80), and Defendant's Reply was due on January 7, 2020 (*see* Doc. 76.) Defendant requested leave to file an untimely Reply on April 3, 2020. (Doc. 83.) Defendant states that its failure to file a timely Reply was an "inadvertent oversight."  (*Id.*) Defendant states that it was actively litigating the matter, as it had filed a motion for summary judgment and was intending to file a reply. (*Id.*) Plaintiff filed a "Request for Default Against Defendants" on April 14, 2020. (Doc. 85.) Although Plaintiff's filing is captioned "Request for Default," upon reviewing the filing, the Court determines that it is a Response in opposition to Defendant's Motion.

Plaintiff argues that "Defendants should not be able to shield their actions or inactions by using case citations when it is simply [] a legal and tactical advantage. Plaintiff makes this request[] just as, would have the defendant had the plaintiff failed to reply to summary judgment." The Court infers that Plaintiff opposes Defendant's request for leave to file a late reply.

A court may extend the time for a party to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. Where the failure to act was the result of excusable neglect, the Court is permitted to accept late filings caused by inadvertence, mistake, or carelessness. *Id.* at 388.

The Court finds that Defendant has shown that the untimely filing of the Reply was the result of excusable neglect. The Court has not yet issued a ruling on the Motion for Summary Judgment. Therefore, the three-month delay in filing the Reply has, if any, a slight impact on judicial proceedings and creates mild, if any, prejudice to Plaintiff. Although Plaintiff opposes the request, he has not shown that the late filing would cause prejudice or have a substantial impact on the proceedings. Moreover, there is no evidence that Defendant has acted in bad faith. Absent some countervailing factor not present here, a party's late filing as a result of inadvertence or carelessness is properly characterized as excusable neglect and is therefore permissible under Fed. R. Civ. P. 6(b).

. . . .

. . . .

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Leave to File a Reply to the Motion for Summary Judgment (Doc. 83) is **granted**. Defendant's Lodged Proposed Reply to the Motion for Summary Judgment (Doc. 84) shall be filed as Defendant's Reply to the Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **re-docket** Plaintiff's "Request for Default Against Defendants" (Doc. 85) as a Response to the Motion for Leave to File a Reply.

Dated this 24th day of April, 2020.

*/s/ R. Márquez*
Honorable Rosemary Márquez
United States District Judge