**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alfred Green,

        Plaintiff,

v.

Corizon Health Services, et al.,

        Defendants.

No. CV-18-00068-TUC-RM

**ORDER**

       Pending before the Court are Plaintiff's Motion to Request Leave of Court (Doc. 92) and Motion to Appoint Counsel (Doc. 93). Plaintiff requests that an attorney be appointed on his behalf in this litigation due to an injury to his writing hand. (Doc. 93.) Plaintiff states that he must wear a splint on his writing hand for six weeks and that he was instructed not to remove it to write. (*Id*.) He states that he was assigned an "ADA porter" to write for him but that other inmates threaten him and steal his property when he uses the ADA porter. (*Id*.) While these are unfortunate circumstances, the Court previously denied similar motions on May 28, 2020 (Doc. 91) and will deny these motions for the same reasons.

       There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person

1   unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. §
2   1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v.*
3   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional
4   circumstances requires an evaluation of the likelihood of success on the merits as well as
5   the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal
6   issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed
7   together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,
8   1331 (9th Cir. 1986)).

9        Having considered both elements, it does not appear at this time that exceptional
10   circumstances are present that would require the appointment of counsel in this case. *See*
11   *Wilborn*, 789 F.2d at 1331. Plaintiff has filed a Response (Doc. 80) to Defendants'
12   Motion for Summary Judgment (Doc. 74), which is fully briefed and pending before the
13   Court. The Court will deny Plaintiff's Motion for Appointment of Counsel, without
14   prejudice and with leave to re-file after the Motion for Summary Judgment is resolved.

15        Accordingly,

16        **IT IS ORDERED THAT** Plaintiff's Motion to Request Leave of Court (Doc. 92)
17   and Motion to Appoint Counsel (Doc. 93) are **denied without prejudice**.

18        Dated this 10th day of July, 2020.

19

20

21

22                               _____

23                              Honorable Rosemary Márquez
                            United States District Judge

24

25

26

27

28