WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green, | No. CV-18-00068-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Appoint Counsel (Doc. 172), Motion to Appoint Counsel (Doc. 173), Motion Requesting Leave of Court to Reopen Discovery to New Evidence (Doc. 174), Motion Requesting Leave of Court Ordering Centurion to Compel (Doc. 175), and Motion to Compel (Doc. 183). Defendants responded in opposition to the Motion Requesting Leave of Court to Reopen Discovery to New Evidence. (Docs. 177, 178.) Defendant Shinn responded in opposition to the Motion Requesting Leave of Court Ordering Centurion to Compel and the Motion for Leave to File Motion to Compel. (Doc. 179.) The Motions will be denied.

**I.  Motions to Appoint Counsel (Docs. 172, 173)**

Briefing on both parties' Motions for Summary Judgment was completed on May 20, 2021. (*See* Doc. 167.) The Court has previously denied several of Plaintiff's motions requesting appointment of counsel in this case. (*See* Docs. 41, 91, 94, 99, 141.) In its

most recent Order denying Plaintiff's requests for counsel, the Court stated that it would entertain a motion for appointment of counsel following resolution of the dispositive motions. (Doc. 141 at 3.)

In his First Motion to Appoint Counsel, Plaintiff requests appointment of counsel for the same reasons previously set forth in his Motions to Supplement (Docs. 156-161), namely, that he recently saw a therapist for treatment of nerve and/or musculoskeletal pain and now seeks to introduce evidence relating to the therapeutic treatment he received. (Doc. 172.) He argues that a lawyer would have more success at obtaining and introducing this new evidence than he would. (*Id.*) The Court previously denied Plaintiff's Motions to Supplement because Plaintiff had not provided good cause for the requested supplemental briefing after the expiration of the relevant dispositive motion deadlines. (Doc. 167.) In his second Motion to Appoint Counsel, Plaintiff asks the Court to appoint Benjamin Taylor, whom he alleges is an attorney based in Phoenix, Arizona, to represent him in this matter. (Doc. 173.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having denied Plaintiff's Motions to Supplement and having considered the factors for appointment of counsel, the Court finds no basis upon which to grant the requests for appointment of counsel at this time. Furthermore, the Court will not grant

Plaintiff's request that it appoint Benjamin Taylor as his attorney without additional information about Mr. Taylor's willingness and ability to represent Plaintiff in this litigation. If Mr. Taylor has agreed to represent Plaintiff in this action, he may file a Notice of Appearance. *See* LRCiv 83.3(a).

## II.     Motion to Reopen Discovery (Doc. 174)

In his Motion to Reopen Discovery (Doc. 174), Plaintiff seeks to reopen discovery so that he may submit new evidence regarding therapeutic treatment he received in March and April of 2021 for his injuries. Plaintiff avers that the therapist's medical reports contain "pertinent information" which would "prove that [he] has permanent nerve damage that has gone untreated." (*Id*.) Defendants oppose the Motion because (1) Plaintiff has not shown good cause to extend deadlines that have already expired, (2) dispositive motions are currently pending before the Court, and (3) the Court previously denied Plaintiff's requests to supplement the summary judgment briefing with new evidence. (Doc. 177, *see also* Doc. 167.)

Plaintiff has presented no compelling reasons for reopening discovery after completion of briefing on dispositive motions. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (party seeking to modify or extend pretrial deadlines must show good cause for doing so). Furthermore, the Court has already denied identical requests and Plaintiff has presented no new facts or circumstances that would change the Court's analysis in its previous Order (Doc. 167). Accordingly, the Motion will be denied.

## III.     Motions to Compel (Docs. 175, 183)

In his Motion Requesting Leave of Court Ordering Centurion to Compel, Plaintiff seeks to have the Court order Centurion to produce records from his therapy visits. (Doc. 175.) Plaintiff contends that he requested these records but has not received them and that they contain information pertinent to his medical conditions. (*Id*.) In his Motion to Compel to Release Plaintiff's Medical Therapist Reports, Plaintiff repeats his request for production of the records from his therapy visits. (Doc. 183) He states that his therapist

stopped providing treatment after he experienced pain from the treatment and that he needs to know why treatment was stopped. (*Id*.) He further states that he submitted a Health Needs Request Form, as well as three separate medical release forms, requesting copies of the therapy records and has not received them. (*Id*.)

Defendant Shinn responded in opposition to the Motions. (Doc. 181.) In response, Defendant Shinn argues that (1) Centurion is not a party in this case and there is no indication or evidence that a subpoena or other request to Centurion for the records has been made; (2) Plaintiff has access to his own medical records and it is not clear that he has followed the procedure for obtaining those records; and (3) the deadline for discovery-related motions has passed and summary judgment briefing is pending, and the Court has already rejected Plaintiff's similar or identical discovery requests on that basis. (*Id*.)

Centurion is not a party in this case and Plaintiff has provided no evidence of a subpoena or other record request to Centurion that has gone unanswered. Furthermore, the discovery deadlines in this case passed months ago and summary judgment briefing is currently pending before the Court. For these reasons as well as the reasons set forth above regarding Plaintiff's Motion to Reopen Discovery, the Motions to Compel will be denied.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 172), Motion to Appoint Counsel (Doc. 173), Motion Requesting Leave of Court to Reopen Discovery to New Evidence (Doc. 174), Motion Requesting Leave of Court Ordering Centurion to Compel (Doc. 175), and Motion to Compel (Doc. 183) are **denied**.

Dated this 3rd day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge