**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-18-00068-TUC-RM<br><br>**ORDER** |

On September 13, 2021, the Court granted summary judgment in favor of Defendants (Doc. 187), and the Clerk of Court entered judgment accordingly (Doc. 188). Currently pending before the Court is Plaintiff Alfred Green's Motion to Reopen. (Doc. 196.)[1] Defendant David Shinn responded in opposition. (Doc. 197.) For the following reasons, the Motion to Reopen will be denied.

**I.    Background**

On March 8, 2021, Defendant Corizon filed a Motion for Summary Judgment (Doc. 127), to which Defendant David Shinn joined (Doc. 129). Plaintiff also filed a Motion for Summary Judgment. (Doc. 133.) After the Motions for Summary Judgment were fully briefed (Docs. 142, 144, 148, 155), Plaintiff filed multiple Motions stating that he had received physical therapy in March and June 2021 but that the therapy had only worsened his pain and had been discontinued. (Docs. 156, 157, 158, 159, 160, 161.) The

---

[1] The Motion is actually titled: "To the Clerk of THE DISTRICT COURT to have case remanded back to district court to be refiled." In substance, the Motion seeks to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(2).

Court denied Plaintiff's Motions, finding that Plaintiff had failed to show good cause to supplement his summary judgment briefing and that Plaintiff had failed to attach any new evidence, such as copies of medical records, to the Motions. (Doc. 167.) Plaintiff then filed five additional Motions (Docs. 172, 173, 174, 175, 183), seeking to re-open discovery to obtain his physical therapy records, seeking to compel third-party Centurion to provide the records, and seeking the appointment of counsel to assist him with obtaining and presenting the records. The Court denied the Motions, finding that there were no exceptional circumstances warranting the appointment of counsel and that Plaintiff had failed to show good cause to re-open discovery. (Doc. 186.)

On September 13, 2021, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. (Doc. 187.) The Court found that the record sufficiently established the existence of a serious medical need for purposes of Plaintiff's Eighth Amendment medical-care claim. (*Id.* at 14.) However, the Court further found that Corizon had not been deliberately indifferent to Plaintiff's serious medical need. (*Id.* at 14-16.) The Court noted that Plaintiff saw providers or received treatment for his pain on at least 20 occasions from the date of the van accident that allegedly caused Plaintiff's injuries through April 2019; that he was offered at least six different medications for pain, as well as a cane and knee sleeve; and that on multiple occasions Plaintiff refused prescribed medication. (*Id.* at 15-17.)

Plaintiff filed a Notice of Appeal (Doc. 192), and then filed the pending Motion to Reopen (Doc. 196).

**II.     Legal Standard**

The Court may, on "motion and just terms," relieve a party from a final judgment for the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;

> 5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b)(2) is appropriate only if: (1) the evidence at issue constitutes "newly discovered evidence" within the meaning of the rule; (2) the movant exercised due diligence to discover the evidence; and (3) the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). If the evidence was in the movant's possession "before the judgment was rendered it is not newly discovered." *Id.* at 212 (quoting 11 Wright & Miller § 2859 (1973)).

## III. Discussion

In his Motion to Reopen, Plaintiff asks that the Court reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(2) due to new evidence that was not in Plaintiff's possession at the time of discovery—namely, a therapist report and MRI result. (Doc. 196.) Plaintiff does not attach the evidence at issue to his Motion.

As discussed above, the Court has already addressed numerous prior Motions regarding Plaintiff's physical therapy records. Even if Plaintiff did not have the therapy report in his possession prior to the entry of judgment in this case on September 13, 2021, he was clearly aware of the existence of his therapy records prior to that date. Plaintiff has not shown that he exercised due diligence to obtain the therapy report earlier. Furthermore, even if Plaintiff could show that the therapy report and MRI result constitute new evidence within the meaning of Rule 60(b)(2), and even if he could show due diligence in obtaining the therapy report and MRI result, he has not shown that the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co..*, 833 F.2d at 211. Plaintiff has not attached the evidence to his Motion, nor has he described what the evidence shows. To the extent that Plaintiff contends the evidence demonstrates a serious medical need,

the Court already found on summary judgment that Plaintiff had demonstrated a serious medical need. (Doc. 187 at 14.) To the extent that Plaintiff contends the evidence demonstrates that Corizon was deliberately indifferent to his serious medical need, he offers no support for such a contention. Accordingly, there is no basis for this Court to find that the therapy report and MRI result would have altered the reasoning or analysis contained in the Court's September 13, 2021 Summary Judgment Order.

**IT IS ORDERED** that Plaintiff's Motion to Reopen (Doc. 196) is **denied**.

Dated this 11th day of February, 2022.

_____
Honorable Rosemary Márquez
United States District Judge